### BRABO *vs.* MARTIN,

APPEAL FROM THE PARISH COURT FOR THE PARISH AND CITY OF NEW-ORLEANS.

The facts must be stated on which professional men base their opinions given in evidence in a cause.

The opinion of one witness is inadmissible to prove another's professional skill or reputation.

*Schmidt*, for appellant.

1. The judge erred in refusing a new trial, the verdict being clearly contrary to law and evidence. *Civil Code, arts.* 2496, 2502, 2508. *Beck's Med. Jurisp.*, *vol.* 1, *ps.* 350, 361, 375. *Broussais sur la Folie ps.* 233, 231, &c.

2. The judge erred in excluding evidence in relation to the capacity of the medical witness, to form a correct opinion.

3. It being conclusively proved, that defendant concealed *facts* within his knowledge, which *good faith* and the *interests of the plaintiff* required him to disclose, he must bear the loss and refund the plantiff the purchase money. *Vide Civil Code, art.* 2449. *Pothier Cont. de Vente, ps.* 233, 295, &c.

*Soulé*, for appellee.

Eastern Dis.
*March*, 1833.

BRABO
*vs.*
MARTIN.

The facts are stated in the opinion of the court, delivered by PORTER, J.

This is an action brought to recover the price of a slave, alleged to be afflicted with redhibitory defects. The cause was submitted to two juries in the court of the first instance. The first could not agree, and the second found a verdict for the defendant. The plaintiff made an unsuccessful attempt to obtain a new trial, and appealed.

On the trial the plaintiff called a physician who had seen the slave just after she had recovered from a fit, and he pronounced that she had been affected with epilepsy. He gave testimony to this effect. The correctness of this opinion, and the capacity of judging correctly of the nature of the disease, when the patient was not seen by the physician during the fit, appear to have been strongly contested by the parties. Another medical gentleman was called, who deposed, that a physician who had only seen a subject twice, and not at the moment of convulsions, could not state *a priori* with certainty, whether she was mad or epileptic. Whereupon the counsel for the plaintiff asked the witness, what was the medical reputation of the doctor who had testified to the fact in controversy, and what in opinion of witness was his capacity to form a correct judgment on such a matter? This question was objected to and overruled.

The general rule of evidence is, that facts are to be proved to a jury. An exception is made on questions of science, in matters purely professional, and particular branches of trade or manufacture. Opinions of persons skilled in these respective matters are received; and those of physicians fall within one of the classes just stated. Their opinions are evidence, but they must state the facts on which these opinions are based, and in case witnesses of this description differ in opinion, the jury must judge at last which of them is entitled to most weight. In this instance an attempt is made to carry the exception one step further, and inquire as to the opinion of the witness in regard to the capacity of another to form a correct judgment, and his opinion as to that wit-

*The facts must be stated on which professional men base their opinions given in evidence in a cause.*

*The opinion of one witness is inadmissible to prove another's professional skill or reputation.*

ness' reputation for professional skill. This we think cannot be done. It would lead to any thing but a satisfactory result. Another witness might then be called to give his opinion as to the capacity of him just examined, to form a correct opinion on the degree of weight which was due to the testimony of the first, and so on. The jury are to judge of the weight due to the opinion of medical men on the disease, from the facts detailed by them, and the reasons given in support of their conclusions, not from the opinion others may form of their capacity. The judge, therefore, in our opinion, did not err in rejecting the testimony offered. 8 *Mass.* 371. 9 *ibid.* 225.

On the merits, the evidence if it preponderates at all on behalf of the plaintiff, does not do so to an extent which would authorise the court to interfere with the verdict of the jury, and it is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.